**E-FILED**
Monday, 31 October, 2011  11:37:46 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| DANNY FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-1214 |
| | ) | |
| VILLAGE OF WALNUT, | ) | |
| ILLINOIS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Status Report (d/e 24); Plaintiff's Response to Defendants' Joint Status Report to the Court (d/e 26) (Response); and Motion to Strike Plaintiff's Pleading (d/e 25).  This Court ordered Plaintiff Danny French to appear and cooperate in the completion of his deposition on or before October 14, 2011.  This Court admonished French that this case would be dismissed or want of prosecution if he did not appear and cooperate.  Text Order entered September 19, 2011 (Text Order).  French states that he received a copy of the Text Order from the Court.

Defense counsel states that they attempted to contact French by email and telephone voice mail message to arrange for the completion of his deposition, but received no response.  Defense counsel further states

that they did not receive any communications from French since the entry of the Text Order.  <u>Status Report</u>, ¶¶ 2-5.  Plaintiff states that he did not receive either the email or voice mail messages from defense counsel due to a problem with his Internet connection, and so, did not know the date for the second part of his deposition.  <u>Response</u>, ¶¶ 6-7.

French should have acted to comply with this Court's order to complete his deposition before October 14, 2011.  The Text Order obligated him, as well as Defendants, to arrange for the completion of his deposition in a timely manner.  His failure to act constitutes a serious disregard for the orders of this Court and provides a basis to dismiss this action at this time.  <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Fed. R. Civ. P. 37(b)(2) (If a party fails "to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following:  . . . (v) dismissing the action or proceeding in whole or in part;").

Defense counsel, however, should have served a notice of deposition for the completion of French's deposition by conventional means. Generally, electronic notice is only sufficient if the recipient consented in

writing to accept such notice.  Fed. R. Civ. P. 5(b)(2)(E).  Defendants do not show that French consented in writing to electronic notice.  The better practice would have been to follow up the electronic notices with a letter.

Dismissal is a draconian sanction.  Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992).  Given the circumstances of this case, the Court will give Plaintiff one last opportunity to appear and cooperate in the completion of his deposition.  If he fails to appear and cooperate, this Court will recommend dismissal for want of prosecution.

WHEREFORE, Defense counsel shall select a date, time and place (within the Peoria Division of this District) convenient to them on or before November 30, 2011, for the completion of the deposition.   Defense counsel shall send Plaintiff a notice of deposition for the second part of his deposition (Notice) by first class mail at Plaintiff's address of record on file with the Court.  Service of the Notice by first class mail is sufficient.  Fed. R. Civ. P. 5(b)(2)(C).  Defense counsel shall mail the Notice to Plaintiff at least ten (10) days before the date selected for the second part of the deposition. Plaintiff shall appear and cooperate in the completion of his deposition on the date, time, and place set forth in the Notice.  If Plaintiff fails to do so, this Court will recommend dismissal for want of prosecution. The Motion to Strike Plaintiff's Pleading (d/e 25) is DENIED.  The Motion

for Sanctions, or in the Alternative, Motion to Continue the Scheduling

Order (d/e 23) remains under advisement.

ENTER:    October 31, 2011


_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE